UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELO LOMANTO,

                Petitioner,

  – against –

ANTHONIA ADUKE AGBELUSI,

                Respondent.

22-cv-07349 (JPO)

**ANSWER TO THE PETITION**

Respondent Anthonia Aduke Agbelusi ("Ms. Agbelusi"), by and through her attorneys, Davis Polk & Wardwell LLP, as and for her Answer to the Petition of Angelo Lomanto ("Mr. Lomanto") filed on August 26, 2022 (ECF No. 4-2), states as follows:

## ALLEGATIONS

1. To the extent the allegations contained in Paragraph 1 state conclusions of law, no response is required; otherwise, denies the allegations of Paragraph 1, except admits that Mr. Lomanto purports to bring this action pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, as implemented in the United States by the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601 *et seq*. R.A.L. and S.M.L. have resided with their biological mother, Ms. Agbelusi, in the Southern District of New York for approximately 1.25 years.

2. The allegations in Paragraph 2 state conclusions of law to which no response is required. To the extent Paragraph 2 includes any allegations of fact, Respondent denies all such allegations.

3. The allegations in Paragraph 3 state conclusions of law to which no response is required. To the extent Paragraph 3 includes any allegations of fact, Respondent denies all such allegations.

## JURISDICTION AND VENUE

4. The allegations in Paragraph 4 state conclusions of law to which no response is required. To the extent Paragraph 4 includes any allegations of fact, Respondent denies all such allegations.

5. The allegations in Paragraph 5 state conclusions of law to which no response is required. To the extent Paragraph 5 includes any allegations of fact, Respondent denies all such allegations.

6. The allegations in Paragraph 6 state conclusions of law to which no response is required. To the extent Paragraph 6 includes any allegations of fact, Respondent denies all such allegations.

7. The allegations in Paragraph 7 state conclusions of law to which no response is required. To the extent Paragraph 7 includes any allegations of fact, Respondent denies all such allegations.

8. Denies that venue is or ever has been proper in the Eastern District of New York.

## PARTIES

9. Admitted.

10. Admits the allegations contained in Paragraph 10, except that Ms. Agbelusi and the children currently reside at a residence for domestic violence survivors at a confidential address located in the Southern District of New York, and not at the address alleged in the Petition.

11.     Admitted.

**CAUSE OF ACTION FOR REPATRIATION OF A MINOR CHILD**

12.     Respondent repeats her responses to the allegations in Paragraphs 1-11 set forth above.

13.     Admits only that petitioner is the biological father of the children, but otherwise denies the allegations in Paragraph 13 as without knowledge, except to the extent such allegations state conclusions of law to which no response is required.

14.     The allegations in Paragraph 14 state conclusions of law to which no response is required; otherwise, denied.

15.     The allegations in Paragraph 15 state conclusions of law to which no response is required; Respondent denies that petitioner was exercising any rights of custody at all relevant times.

16.     Respondent denies the allegations contained in Paragraph 16, except admits that she took the children to Cancún, Mexico on June 26, 2021, and travelled to the United States on July 12, 2021.  By no later than August 24, 2021, Mr. Lomanto was informed that Respondent and the children would remain in New York.

17.     Denies that Exhibit C to the Petition establishes habitual residence, but admits the allegations contained in Paragraph 17 that Spain was the children's habitual residence.

18.     Without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies the allegations contained in Paragraph 18.

19.     The Petition provided to Respondent does not contain a Paragraph 19, and thus Respondent denies because she lacks knowledge and information sufficient to form a

belief as to the truthfulness of allegations included therein. *See* Petition 5 (Aug. 26, 2022), ECF No. 4-2.

20. The Petition provided to Respondent does not contain a Paragraph 20, and thus Respondent denies because she lacks knowledge and information sufficient to form a belief as to the truthfulness of allegations included therein. *See* Petition 5 (Aug. 26, 2022), ECF No. 4-2.

21. The Petition provided to Respondent does not contain a Paragraph 21, and thus Respondent denies because she lacks knowledge and information sufficient to form a belief as to the truthfulness of allegations included therein. *See* Petition 5 (Aug. 26, 2022), ECF No. 4-2.

22. The Petition provided to Respondent does not contain a Paragraph 22, and thus Respondent denies because she lacks knowledge and information sufficient to form a belief as to the truthfulness of allegations included therein. *See* Petition 5 (Aug. 26, 2022), ECF No. 4-2.

## PRIORITY

23. The allegations in Paragraph 23 state conclusions of law to which no response is required. To the extent Paragraph 23 includes any allegations of fact, Respondent denies all such allegations.

24. The allegations in Paragraph 24 state conclusions of law to which no response is required. To the extent Paragraph 24 includes any allegations of fact, Respondent denies all such allegations.

25. The allegations in Paragraph 25 state conclusions of law to which no response is required. To the extent Paragraph 25 includes any allegations of fact, Respondent denies all such allegations.

## ALLEGATIONS REGARDING REMEDIES AND FEES

26. Denies that Petitioner is entitled to the requested relief.

## AFFIRMATIVE AND OTHER DEFENSES

27. Without undertaking any burden of proof not otherwise assigned by law, Ms. Agbelusi asserts the following defenses with respect to each of the claims Mr. Lomanto purports to assert in the Petition.

### FIRST DEFENSE
### (Hague Convention art. 13(b))

28. There is a grave risk that the children will suffer severe emotional, physical, and/or psychological harm if they are removed from the United States and returned to Spain.

29. Mr. Lomanto perpetrated severe acts of domestic violence against Ms. Agbelusi in the presence of both children. Since approximately 2007 and throughout their relationship, Mr. Lomanto was physically, emotionally, psychologically, verbally, and sexually abusive to Ms. Agbelusi on a regular basis. Mr. Lomanto would often tell Ms. Agbelusi that she was worthless and threaten her with violence from himself or his friends. When he was angry, Mr. Lomanto would break things or damage the walls. The violence escalated to strangulation and repeated acts of sexual coercion. As a result of Mr. Lomanto's abuse, Ms. Agbelusi has engaged in trauma-informed counseling to address her resulting depression and anxiety, and to preserve her emotional and mental wellbeing for the sake of her children.

30. Mr. Lomanto has also engaged in substance abuse and illicit activities since the children were born. Specifically, he has abused alcohol and illegal steroids, Phencyclidine (PCP), marijuana, and cocaine. He has been arrested because of these

5

behaviors. Oftentimes, Mr. Lomanto has engaged in illegal activities in the presence of the children. Mr. Lomanto would take both children in the car with him when he went to deliver or receive narcotics. The children have seen the various illegal substances Mr. Lomanto uses and sells in bags that Mr. Lomanto uses to transport them. On several occasions, one of the children saw Mr. Lomanto and other individuals injecting substances into themselves or into the bodies of others.

31. In addition, Mr. Lomanto kept illegal substances in his home where the children had access to them. Both children have seen various narcotics around Mr. Lomanto's home, and Ms. Agbelusi has found them in Mr. Lomanto's clothing while doing the laundry.

32. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

33. Mr. Lomanto also has inappropriately communicated with R.A.L. while R.A.L. has been in New York. Specifically, Mr. Lomanto has incessantly called R.A.L.'s school to get in touch with the child, to the point that the school banned Mr. Lomanto from calling. Mr. Lomanto has also tried to contact R.A.L. repeatedly when R.A.L. does not answer Mr. Lomanto's calls or text messages. Mr. Lomanto has gone to extreme

6

lengths to accomplish this, such as finding R.A.L.'s TikTok and Discord accounts, and creating accounts of his own to message R.A.L.

34. Mr. Lomanto therefore presents a grave risk of harm to both children.

## SECOND DEFENSE
### (Hague Convention art. 12)

35. The petition was filed more than one year after the alleged wrongful removal, and the children are well-settled in their home and community in New York.

## THIRD DEFENSE
### (Hague Convention art. 13)

36. R.A.L., who is 13 years old, has attained an age and degree of maturity at which it is appropriate to take account of his views.

37. R.A.L. strongly objects to being returned to Spain and to Mr. Lomanto.

## FOURTH DEFENSE
### (Hague Convention art. 13(a))

38. Mr. Lomanto consented or subsequently acquiesced to the removal of the children to the United States.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Respondent respectfully requests that the Court (1) deny and dismiss the Petition with prejudice and (2) grant such other and further relief it deems just and proper.

Dated:   New York, New York
         October 18, 2022

DAVIS POLK & WARDWELL LLP

By:   /s/ Amelia T.R. Starr
      Amelia T.R. Starr

Dara L. Sheinfeld
Meredith Manning
Brendan A. Blase
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
amelia.starr@davispolk.com
dara.sheinfeld@davispolk.com
meredith.manning@davispolk.com
brendan.blase@davispolk.com

*Pro Bono* Counsel for Respondent
  Anthonia Aduke Agbelusi