UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────────

ANGELO LOMANTO,

                Petitioner,

  - against -

ANTHONIA ADUKE AGBELUSI,

                Respondent.

No. 22-cv-7349-JPO

## PROTECTIVE ORDER

    Respondent Anthonia Agbelusi moves for a protective order to govern the exchange of documents and information in this case. Petitioner Angelo Lomanto opposes.

    In light of the sensitive and highly personal matters at issue in this litigation, which implicate the privacy interests of the parties and the non-party minor children, and given the expedition required under Article 2 of the Hague Convention on the Civil Aspects of International Child Abduction, as implemented by the International Child Abduction Remedies Act, 42 U.S.C. § 11601 *et seq.*, the Court grants the motion and finds that there is good cause to issue this protective order:

    1.    All discovery material, documents, and information produced in this case (collectively, "Information") shall be used for purposes of this Litigation and for no other purpose or case.

    2.    All Information produced in this case shall be deemed "Confidential" in accordance with the terms of this protective order unless otherwise ordered by the Court.

    3.    The parties may also designate certain Information as "Attorneys' Eyes Only" if the Producing Party has a good faith belief that disclosure of the Information to the other party would create a risk of injury to the Producing Party or a non-party.

4. A non-party witness may be shown Information, other than "Attorneys' Eyes Only" designated Information, so long as prior to such disclosure, the non-party witness has agreed to be bound by the terms of this Protective Order by executing an agreement in the form attached hereto as Exhibit "A".

5. Nothing in this protective order shall impose any restriction on the use or disclosure by a party or non-party of its own documents or information that was lawfully available to the public or lawfully in the possession of the party, counsel, or expert prior to another party's providing them, or that properly came into the possession of the party, counsel, or expert independent of this action.

6. Prior to the conclusion of the trial or evidentiary hearing in this matter, in light of the expedition required by the Hague Convention and for good cause shown in light of the nature of the matters at issue in this case, a party that seeks to use Information as defined by this protective order in connection with a filing must initially file such Information under seal until further order of the Court.

7. After the conclusion of the trial or evidentiary hearing in this matter, a party that seeks to file on the public docket for this Litigation, or otherwise make publicly available, any "Confidential" or "Attorneys' Eyes Only" Information obtained from the other party, shall provide notice to the Producing Party of its intention to file the documents publicly ten (10) days before the filing, to provide the Producing Party with an opportunity to challenge the public filing or use.

8. This protective order shall continue to bind the parties and all others who have agreed to or have knowledge of its terms after the conclusion of this action, including all appeals, until further order of the Court. All Information shall, at the request of a party, be returned to that party, or destroyed and certified to the party as destroyed, within one month after a final

judgment or settlement of this action.  Counsel for each party may retain pleadings filed with the Court, written discovery requests and responses thereto.  Attorneys' notes or work product created by counsel that contain Confidential or Attorney' Eyes Only Information need not be returned or destroyed, but if not returned or destroyed, shall be used only in accordance with the terms of this protective order.  This Court shall retain jurisdiction to enforce this protective order notwithstanding the termination of this action by settlement or judgment.

9. In the event that a party receives a subpoena, order, or other process from a governmental authority purporting to require the production of Confidential Information (a "Request"), the party shall by the next business day after receipt of the Request give notice by email of the Request to counsel for the Producing Party and furnish counsel for the Producing Party with a copy of the Request in order to give the Producing Party an opportunity to object to the Request.  Nothing in this protective order shall require any party to disregard or violate any lawful order or direction of any governmental authority.

IT IS SO ORDERED.

Dated: New York, New York
       November 10, 2022

_____
J. PAUL OETKEN
United States District Judge

EXHIBIT A

I attest to my understanding that Information is being provided to me pursuant to the terms and conditions of the protective order executed by the parties and entered by the Court in *Lomanto v. Agbelusi*, No. 22-cv-07349 (JPO).  I acknowledge that I have been given a copy of and have read the said protective order and am bound by it and its terms.  I further understand that I shall not disclose any Information provided to me or to any other person or entity except in strict accordance with the terms of the said protective order.  I further understand that the United States District Court for the Eastern District of New York has jurisdiction to enforce the terms of the Protective Order and I consent to that court's jurisdiction over me for that purpose.

_____
SIGNATURE

_____
NAME

_____
DATE