UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELO LOMANTO,
       Petitioner,

   -v-

ANTHONIA ADUKE AGBELUSI,
       Respondent.

22-CV-7349 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

  On October 24, 2022, attorney Sarah Phillips of the law firm Simpson Thatcher & Bartlett, LLP ("Simpson Thatcher") filed a notice of appearance in this Hague Convention case on behalf of the minor children, R.A.L. and S.M.L.  On October 25, 2022, the Court provisionally appointed Simpson Thatcher as counsel for the children, pending briefing by the parties.  Simpson Thatcher, the Petitioner (the father), and the Respondent (the mother) all submitted letter briefs.  (Dkt. Nos. 32–37).  On November 10, 2022, at a telephone conference on a different dispute in this case, the Court again heard arguments from the Petitioner's counsel opposing the appointment of Simpson Thatcher as counsel for the children.  Petitioner submitted a further letter on November 17, 2022.  (Dkt. No. 44.)  Now, having considered all of these submissions, as well as the parties' oral arguments, the Court hereby designates Simpson Thatcher and Professor Jennifer Baum, the Director of the Child Advocacy Clinic at St. John's University School of Law, as co-counsel for the minor children R.A.L. and S.M.L.

**I. Appointment of Counsel for the Minor Children**

  Petitioner first generally objects to the appointment of an attorney for the children, as "the Mother has several attorneys on her team who are tasked of rendering proof" related to the defenses that pertain to the children, such as "grave risk of harm" and the children's wishes, and

"the defenses asserted by the Mother are identical (duplicative) if the issues that would need to be addressed by the Attorney for the Children."  (Dkt. No. 34 at 2; Dkt. No. 36 at 3.)

The Court disagrees.  Appointing independent counsel for the children in this case is "consistent" with the procedures "adopted by district courts in Hague Convention cases." *Johnson v. Johnson,* No. 11 Civ. 37, 2011 WL 569876, at *2 (S.D.N.Y. Feb. 10, 2011); *see also Sanchez v. R.G.L.*, 761 F.3d 495, 508 (5th Cir. 2014) ("Granting the children representation in appropriate situations is consistent with the Supreme Court's view that 'courts can achieve the ends of the Convention and ICARA—and protect the well-being of the affected children—through familiar judicial tools[.]'") (quoting *Chaffin v. Chaffin*, 568 U.S. 165, 178 (2013)).  This case presents complex and delicate issues that pertain to the children, and so appointment of counsel is not only consistent with regular practice in Hague Convention cases, but it is also warranted.  This is particularly true where it is possible that one or more children may be questioned by the Court, whether *in camera* or otherwise.  *See McGovern v. McGovern,* 58 A.D.3d 911, 915, 870 N.Y.S.2d 618, 622 (2009) ("While not determinative, the wishes of an almost 14–year–old child are certainly entitled to great weight.").

Moreover, Petitioner's suggestion that the defenses pertaining to the children should be covered solely by Respondent's counsel is likely to lead to more conflicts, not less.  This line of argument assumes that the children's interests and views will be coextensive with their mother's, while the appointment of independent counsel for the children is appropriate precisely because they may *not* be coextensive.  Nor does the Court find it necessary to wait until after an *in camera* review with the children to appoint counsel, as Petitioner's counsel suggests.  (*See* Dkt. No. 44 at 2.)  It is already clear that independent counsel for the children is warranted.  Finally, despite Petitioner's contentions, the appointment of independent counsel for the children does

2

not necessarily mean that they are "intervening" in the case. *Cf. Sanchez v. R.G.L.,* 761 F.3d 495, 508 (5th Cir. 2014) (declining to allow the children to formally intervene.) Indeed, even where courts have declined to allow the children to formally intervene in a case, as in *Sanchez*, they have nonetheless found it appropriate to appoint counsel for them. *See id.* (appointing a *guardian ad litem* for the children to ensure "that the children's fundamental interests [were] represented as embodied in the Hague Convention.")

The role of the children's counsel here is quite limited. Petitioner correctly states that this case is not concerned with the underlying custody dispute, but rather with whether the Hague Convention requires the removal of the children from the United States back to Spain. As Simpson Thatcher notes in its first submission:

> the scope of children's counsel's representation in a Hague Convention proceeding is limited to precisely [the] types of issues raised under the Convention. Counsel does not perform a best interests analysis or make custody-related recommendations . . . . Accordingly, as the children's counsel, our role would be to advance the children's articulated wishes, assist the children in understanding the proceedings and to appear on their behalf as needed by the Court to assess the parties' claims.

(Dkt. No. 33 at 2.) For this limited purpose and for the needs of this case (where, contra *Sanchez,* both the mother and father purport to represent the children's interests) the appointment of counsel for the children is appropriate, rather than the appointment of a *guardian ad litem.*

## II. Appointment of Simpson Thatcher

Petitioner also specifically objects to the appointment of Simpson Thatcher as counsel for the children. This case — as Petitioner recognizes — concerns delicate issues, and therefore benefits from attorneys experienced in this area. The specific nature of these proceedings also warrants the appointment of counsel with tailored experience in the representation of children in Hague Convention proceedings. Simpson Thatcher has prior experience in this specific role, in

3

addition to "a robust pro bono practice representing children in New York State Family Court proceedings in seeking special findings orders related to abuse, neglect or abandonment, in support of petitions for special immigrant juvenile status." (Dkt. No. 33 at 2.)[1] Accordingly, Simpson Thatcher has shown that it is well qualified in the very skill set that Petitioner contends is required here.

Petitioner additionally argues that neither Simpson Thatcher nor Sarah Phillips can be appointed because neither is "registered with the Office of Court Administration pursuant to Rule 36 of the Rules of the Chief Judge," which Petitioner argues is a "pre-requisite" to accepting a role as a *guardian ad litem*. (Dkt. No. 34 at 4.)  Petitioner appears to be referring to the local rules governing New York State Court and New York State Family Courts, rather than the rules of the Southern District of New York.  There is no such requirement in this Court.  Finally, as stated, the Court hereby appoints *counsel* for the children, not a *guardian ad litem*.

Finally, Petitioner objects to the appointment of Simpson Thatcher because it was referred to the matter by Davis Polk & Wardwell LLP ("Davis Polk"), the *pro bono* representation for the Respondent.  While ideally both parties would agree to the appointment of representation for the minor children, it is not required. *See Taveras v. Morales,* 22 F. Supp. 3d 219, 229 (S.D.N.Y. 2014), *aff'd sub nom. Taveras ex rel. L.A.H. v. Morales,* 604 F. App'x 55 (2d Cir. 2015) (explaining that "over Petitioner's objection—but consistent with the procedures of other courts that have adjudicated Hague Convention cases—the Court also appointed an

---

[1] Petitioner attaches the official firm bio of Sarah Phillips, the Simpson Thatcher attorney who has appeared in this case, to argue that while Simpson Thatcher may have experience, Phillips herself does not.  This argument is unpersuasive.  Public firm bios are often intended for use in advertising to paying clients and rarely reflect the full extent of an attorney's experience.  Moreover, Phillips will be representing the children not as a solo practitioner, but as an attorney with Simpson Thatcher, with access to its resources and collective prior experience.

attorney" to represent the minor child.) (internal citations omitted.)  Here, after considering the parties' submissions, the needs of this case, and the professional rules governing attorneys, the Court determines that no conflict exists that precludes Simpson Thatcher from representing the children in this case.

Petitioner has failed to show that any action beyond a "mere referral" links Simpson Thatcher to Davis Polk, or to identify any case law demonstrating that a "mere referral" creates an impermissible conflict or bias.  Rather, in custody proceedings — an analogous situation in terms of the importance of the independence of counsel for the children — courts have made clear that it is permitted for a parent to "merely refer[]" counsel to their children, while maintaining that parents may not actually *retain* the counsel.  *Fargnoli v. Faber*, 105 A.D.2d 523, 524 (3d Dep't 1984) (analyzing the independence of the children's counsel and stating that "children involved in Family Court proceedings can be represented by counsel of their own choosing and *even by counsel to whom they are merely referred by a parent*.") (emphasis added.) Nothing beyond a mere referral has occurred here.

There is no significance, as Petitioner suggests, to where Phillips sat during the hearing. Not only is her seat in the courtroom irrelevant, but it was also involuntary — she was instructed to sit at the Respondent's table by the Court's courtroom deputy.  Notably, Petitioner's counsel was not then present to acquiesce in Phillips joining her at her table.  Petitioner also argues that Simpson Thatcher is tainted by bias because Sanctuary for Families, which assisted Respondent in obtaining *pro bono* counsel, honored a different attorney at Simpson Thatcher for his work on a wholly different case.  This too is irrelevant and no evidence of bias.  If anything, it demonstrates that Simpson Thatcher has institutional experience in the difficulties inherent in litigating family disputes.

The rules of professional conduct governing attorneys are also significant here. In the case of a conflict barring their own retention, attorneys are "ethically permitted to refer prospective client[s] to another attorney or list of attorneys who are competent in the field." N.Y. City Bar Formal Op. 2016-1. If a mere referral necessarily linked the two separate law firms together, as Petitioner suggests, then no attorney could ever refer another to a prospective client.

Petitioner's argument also assumes that Simpson Thatcher would simply ignore its ethical duties to its clients, the children. The loyalty of a lawyer to her client is a cornerstone of the legal profession. As court-appointed counsel for the children, Simpson Thatcher is obligated to "zealously advocate the child[ren]'s position." *Donna Marie C. v. Kuni C.*, 134 A.D.3e 430, 431 (1st Dep't 2015.) In so doing, counsel for the children may at times support or oppose relief sought by a particular parent, but this alone "is not evidence of bias." *Id.* As stated in New York Rule of Professional Conduct Rule 1.2, "a lawyer shall abide by a *client's* decisions concerning the objectives of representation and … shall consult with *the client* as to the means by which they are to be pursued." (emphasis added.) Likewise, Rule 2.1 requires that "[i]n representing a client, a lawyer shall exercise independent professional judgment and render candid advice." These obligations may not be tempered by the fact that a lawyer may have been referred by another lawyer to the client. And finally, Rule 5.4(c) clearly states that "[a] lawyer shall not permit a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services."

Finally, Petitioner's chief objection to the appointment of an attorney for the children, as argued in the hearing on October 25, was the possibility that it might create some delay. This matter is proceeding on an expedited basis, as required by the Hague Convention and in

6

accordance with Petitioner's wishes.  The process of finding and appointing wholly new counsel for the children would necessarily introduce delay, as would the time required for that attorney to familiarize herself with the case and clients.  This change would also likely be disruptive for the children, who are undoubtedly already affected by the ongoing legal disputes between their parents.  These considerations, as well as the Court's determination that no legal conflict exists, weigh against making decisions based on the purely atmospheric concerns that Petitioner raises.

### III.     Appointment of Jennifer Baum as Co-Counsel

As the foregoing indicates, this case is highly contested and concerns delicate issues likely to be traumatic and emotional for the children.  Both parties have levied allegations pertaining to the children's health and welfare.  Out of an abundance of caution, the Court has determined that it is appropriate to add court-appointed co-counsel with experience representing children in Hague Convention cases.  The Court therefore appoints Professor Jennifer Baum, the Director of the Child Advocacy Clinic at St. John's University School of Law, as co-counsel along with Simpson Thatcher for both minor children.

### IV.     Conclusion

Simpson Thatcher & Bartlett LLP and Professor Jennifer Baum are hereby appointed as co-counsel for the minor children R.A.L. and S.M.L in this Hague Convention proceeding.

SO ORDERED.

Dated:  November 17, 2022
        New York, New York

_____
J. PAUL OETKEN
United States District Judge